UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| IN RE: ) | |
| ) | Case No. 13-21577-MER |
| WORLDWIDE ENERGY & ) | |
| MANUFACTURING USA, INC. ) | |
| EIN: 77-0423745 ) | Chapter 11 |
| ) | |
| Debtor. ) | |

**AMENDED PLAN OF REORGANIZATION**

**DATED OCTOBER 28, 2013**

Worldwide Energy & Manufacturing USA, Inc. ("Worldwide" or "Debtor") as Debtor and debtor-in-possession hereby proposes, pursuant to Chapter 11, Title 11 of the United States Code, the following Plan of Reorganization.

**ARTICLE I**

**INTRODUCTION**

The Debtor is a publicly held company, however its stock has been delisted from trading on any exchange in the United States. The Debtor is an international manufacturing and engineering firm that produces various parts in China, including solar panels, aerospace parts, electronic parts, and various parts related to other industries. The Debtor owns interests in various subsidiaries in China. The Debtor's business includes being an intermediary between customers and subcontractors, as well as being a direct manufacturer of certain parts through its subsidiaries. The Debtor operates out of its office and warehouse in Burlingame, California. The Debtor also has offices in Denver, Colorado.

This Plan provides for the reorganization of the Debtor under Chapter 11 of the Bankruptcy Code. Pursuant to the Plan, the Debtor shall restructure its debts and

1

obligations and continue to operate in the ordinary course of business. A more complete history of the Debtor, its operations, an explanation of this Plan, and a description of the Debtor's financial condition and future business activity is contained in the Disclosure Statement which accompanies this Plan. Reference should be made to the Disclosure Statement by all creditors and parties who intend to cast a ballot for or against this Plan.

## ARTICLE II

## DEFINITIONS

2.01 - <u>Administrative Claim</u> shall mean a Claim for payment of an administrative expense of a kind specified in § 503(b) or 1114(e)(2) of the Bankruptcy Code and entitled to priority pursuant to § 507(a)(2) of the Bankruptcy Code, including, but not limited to: (a) the actual, necessary costs and expenses, incurred after the Petition Date, of preserving the estate and operating the business of the Debtor, including wages, salaries, or commissions for services rendered after the commencement of the Chapter 11 Case; (b) Professional Fee Claims; (c) all fees and charges assessed against the estates under 28 U.S.C. § 1930; and (d) all Allowed Claims that are entitled to be treated as Administrative Claims pursuant to a Final Order of the Bankruptcy Court under § 546(c)(2) of the Bankruptcy Code.

2.02 - <u>Allowed Claim</u> shall mean a claim in respect of which a Proof of Claim has been filed with the Court within the applicable time period of limitation fixed by Court Order in this case or scheduled in the list of creditors prepared and filed with the Court pursuant to Bankruptcy Rule 1007(b) and not listed as disputed, contingent or unliquidated as to amount, in either case as to which no timely objection to the allowance thereof has been filed pursuant to Bankruptcy Rules 3001 and 3007 or as to which any such objection has been determined by a Final Order.

2.03 - <u>Allowed Secured Claim</u> shall mean an allowed claim secured by a lien, security interest or other charge against or interest in property in which the Debtor has an interest, or which is subject to setoff under § 553 of the Code, to the extent of the value (determined in accordance with § 506(a) of the Code) of the interest of the holder

2

of any such allowed claim and the Debtor's interest in such property or to the extent of the amount subject to such setoff as the case may be.

2.04 - <u>Avoidance Actions</u> means the Debtor's estate's interest in any and all Claims, rights and causes of action which have been or may be commenced by or on behalf of the Debtor to avoid and recover any transfers of property determined to be preferential, fraudulent or otherwise avoidable pursuant to §§ 544, 545, 547, 548, 549, 550 or 553 of the Bankruptcy Code, or under any other applicable law, or otherwise subject to equitable subordination under §510 of the Bankruptcy Code, regardless of whether or not such actions have been commenced prior to the Effective Date.

2.05 - <u>Claim</u> shall mean any right to payment, or right to any equitable remedy for breach of performance if such breach gives rise to the right to payment, against the Debtor in existence on or as of the Petition Date, whether or not such right to payment or right to an equitable remedy is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, secured or unsecured.

2.06 - <u>Class</u> shall mean any Class into which Allowed Claims are classified pursuant to Article III.

2.07- <u>Class 1-5 Claims and Interests</u> shall mean the Allowed Claims and Interests so classified in Article III.

2.08 - <u>Code</u> shall mean the Bankruptcy Code, 11 U.S.C. § 101 *et seq.* and any amendments thereof.

2.09 - <u>Confirmation Date</u> shall mean the date upon which the Order of Confirmation is entered by the Court.

2.10 - <u>Court</u> shall mean the United States Bankruptcy Court for the District of Colorado in which the Debtor's Chapter 11 case is pending, pursuant to which this Plan is proposed, and any Court having competent jurisdiction to hear appeal or certiorari proceedings therefrom.

2.11 - <u>Debtor</u> shall mean the Debtor who is proposing this Chapter 11 Plan.

2.12 - <u>Disclosure Statement</u> shall mean the Disclosure Statement which is approved by the Court according to 11 U.S.C. § 1125 to be utilized to solicit votes for this Plan.

2.13 - <u>Disputed Claim</u> means any Claim which is not an Allowed Claim, including, without limitation, any Claim designated as disputed, contingent or unliquidated in Debtor's schedules filed in connection with this case, or any Claim against which an objection to the allowance thereof has been interposed, and as to which no Final Order has been entered.

2.14 - <u>Effective Date of the Plan</u> shall mean the date by which all conditions to the effectiveness of the Plan have been met or otherwise resolved.

2.15 - <u>Final Order</u> shall mean an order or judgment of the Court which shall not have been reversed, stayed, modified or amended and as to which (a) the time to appeal from or to seek review, rehearing or certiorari shall have expired, and (b) no appeal or petition for review, rehearing or certiorari is pending or if appealed shall have been affirmed, or the appeal dismissed by the highest court to which such order was appealed, or if review, rehearing or certiorari was sought, such review, rehearing or certiorari has been denied and no further hearing, appeal or petition for review, rehearing or certiorari can be taken or granted or as to which any right to appeal or to seek a review, rehearing or certiorari has been waived.

2.16 - <u>Interest</u> shall mean any shareholder interest or any other instrument evidencing any ownership interest in the Debtor and any option, warrant or right of any nature, contractual or otherwise, to acquire an ownership interest in the Debtor.

2.17 - <u>Order of Confirmation</u> shall mean the Order entered by the Court confirming the Plan in accordance with the provisions of Chapter 11 of the Code.

2.18 - <u>Petition Date</u> shall mean the date on which the voluntary Petition was filed by the Debtor on July 5, 2013.

2.19 - <u>Plan</u> shall mean this Plan of Reorganization, as amended in accordance with the terms hereof or modified in accordance with the Code, including all exhibits and schedules attached hereto or referenced herein or therein.

2.20 - <u>Priority Claim</u> means any pre-petition Claim entitled to a priority in payment under § 507(a) of the Code, but shall not include any Administrative Claim or Tax Claim.

2.21 - <u>Pro Rata</u> shall mean the ratio of an Allowed Claim or Interest in a particular Class to the aggregate amount of all Allowed Claims or Interests in that Class.

2.22 - <u>Professional Fees</u> means the Administrative Claims for compensation and reimbursement submitted pursuant to Section 330, 331 and 503(b) of the Code by a Professional Person.

2.23 - <u>Rules</u> shall mean the Federal Rules of Bankruptcy Procedure and Local Bankruptcy Rules for the District of Colorado as adopted by the Court.

2.24 – <u>Securities Claims</u> shall mean those unsecured claims arising from rescission of a purchase or sale of a security of the Debtor, for damages arising from the purchase or sale of such a security, or for reimbursement, indemnification, or contribution allowed under Code section 502 on account of such a claim.

2.25 - <u>Tax Claim</u> means any unsecured Claim of a governmental unit for taxes entitled to priority pursuant to 11 U.S.C. § 507(a)(8).

2.26 - <u>Unclassified Priority Claims</u> shall mean Claims pursuant to Section 507(a)(2) which are Administrative Claims allowed under Section 503(b) of the Code and any fees and charges against the estate under Chapter 123 of Title 28 of the United States Code and shall further mean Allowed Unsecured Claims of governmental units to the extent provided for in Section 507(a)(8) of the Code.

2.27 - <u>Other Definitions</u>. Unless the context otherwise requires, any capitalized term used and not defined herein or elsewhere in the Plan but that is defined in the Code or Rules shall have the meaning set forth therein.

## ARTICLE III

## DESIGNATION OF CLAIMS AND INTERESTS

The following is a designation of all classes of Claims and Interests other than those Claims of a kind specified in Sections 507(a)(2), 507(a)(3) or 507(a)(8) of the Code.

<u>Class 1</u> - All Allowed Unsecured Claims specified in Section 507(a)(4) and 507(a)(5) of the Code as having priority.

<u>Class 2</u> - The Allowed pre-petition Secured Claim held by VFC Partners 23, LLC and secured by accounts receivable.

<u>Class 3</u> - The Allowed Claims held by unsecured creditors with the exception of those separately classified.

<u>Class 4</u> – The Allowed Claims held by those unsecured creditors who hold claims defined as Securities Claims.

<u>Class 5</u> - The Interests held by pre-petition shareholders and others.

## ARTICLE IV

## SPECIFICATION AND TREATMENT OF UNCLASSIFIED PRIORITY CLAIMS

As provided in Section 1123(a)(1) of the Code, the Claims against the Debtor covered in this Article IV are not classified. The holders of such Allowed Claims are not entitled to vote on the Plan.

4.1 - The holders of Allowed Claims of the type specified in Section 507(a)(2) of the Code, Administrative Claims, shall receive cash equal to the allowed amount of such Claim or a lesser amount or different treatment as may be acceptable and agreed to by particular holders of such Claims. Such Claims shall be paid in full on the Effective Date of the Plan, or treated as otherwise agreed to by the particular holders of such Claims. Section 507(a)(2) Administrative Claims that are allowed by the Court after the Effective Date of the Plan shall be paid upon allowance or as otherwise agreed.

4.2 - The Allowed Claims of a type specified in Section 507(a)(8) of the Code, Tax Claims of governmental taxing authorities, shall be paid on the Effective Date of the Plan or in monthly payments on an amortized basis over a period that does not exceed five years from the Petition Date with interest at the appropriate rate set by applicable statute.

4.3 - The Debtor will make all payments required to be paid to the U.S. Trustee pursuant to 28 U.S.C. § 1930(a)(6) until the case is closed, converted, or dismissed. All payments due to the U.S. Trustee pursuant to 28 U.S.C. § 1930(a)(6) shall be paid on the Effective Date, and the U.S. Trustee shall thereafter be paid fees due on a quarterly basis until the case is closed, converted, or dismissed.

# ARTICLE V
## SPECIFICATION AND TREATMENT OF CLASS 1 CLAIMS

5.1 - Allowed Class 1 Priority Claims shall be paid in full on the Effective Date. The Class 1 claims for certain pre-petition wages and employee Claims are more particularly described in Sections 507(a)(4) and 507(a)(5) of the Code.

# ARTICLE VI
## SPECIFICATION AND TREATMENT OF SECURED CREDITOR CLAIMS

6.1 – **VFC Partners 23, LLC.** The Class 2 Secured Claim consists of the Allowed Secured Claim of VFC Partners 23, LLC. The Class 2 claim is secured by a lien encumbering the Debtor's accounts receivable and inventory. The Class 2 Allowed Secured Claim is impaired by this Plan. The Class 2 Claim will be treated under this Plan as follows:

    a. The principal amount of the Class 2 Claim will be allowed as a secured claim in the amount of the outstanding balance due on the claim as of the Confirmation Date.

    b. The Class 2 Claim will bear interest at the rate of: (i) 6% per annum commencing on the Effective Date of the Plan; or (ii) if the Class 2 claimant objects to such rate in writing in connection with their objection to confirmation of the Plan prior to the commencement of the confirmation hearing, such rate as will be determined by the Court as necessary to satisfy the requirements of 11 U.S.C. § 1129(b) of the Code; or (iii) such other rate as agreed by the Debtor and the Class 2 claimant.

    c. The Class 2 claimant's lien that secured its claim as of the Effective Date of the Plan shall continue to secure its claim until the Allowed Secured Claim is paid in accordance with this Plan.

    d. The Class 2 claim shall be amortized and repaid in equal monthly installments over a period of sixty (60) months commencing on the Effective Date of the Plan.

# ARTICLE VII
## SPECIFICATION AND TREATMENT OF
## UNSECURED CREDITOR CLAIMS

7.1 - Class 3 consists of those unsecured creditors of the Debtor who hold Allowed Claims. Class 3 claimants shall be entitled to elect one of the following three options with respect to payment and satisfaction of their claims:

    a. **Option 1**. Each Class 3 claimant may elect to receive a cash payment of 20% of their Allowed Claim and receive payment of the 20% within ninety (90) days of the Effective Date of the Plan in total satisfaction of their claim;

    b. **Option 2**. Each Class 3 claimant may elect to receive full payment of their Allowed Claim payable in amortized monthly installments at 1% interest per year over the seven (7) years following the Effective Date of the Plan; or

    c. **Option 3**. Each Class 3 claimant may elect to receive new common shares of stock in the reorganized Debtor issued on the Effective Date of the Plan or within ten days of such date, in full satisfaction and payment of their Allowed Claim. Shares will be issued on a one share for each dollar of claim basis. No shares will be issued with respect to the portion of any claim that is less than one dollar.

Each Class 3 claimant shall be entitled to elect one of the three payment options on a form that will be enclosed with their Ballot for voting on the Plan. If a Class 3 claimant does not elect an option, they will receive Option 1 by default.

7.2 - In addition to the distribution set forth above, Class 3 claimants who select Option 1 or 2 shall be entitled to receive the proceeds whether obtained by litigation or settlement, net of attorney fees, expert fees, and costs, obtained from any action undertaken by the Debtor to collect Avoidance Actions. It shall be up to the Debtor's discretion, without need for any Court approval, to: a) pursue any Avoidance Actions; and b) settle any Avoidance Actions. If any recoveries are made they will be prorated among all of the Allowed Claims electing Options 1 and 2. Other than interest paid as stated, no Class 3 claimant shall receive more than payment of their Allowed Claim in full.

7.3 – **Securities Claims.** Class 4 consists of those unsecured creditors who hold Securities Claims. Such claims are subordinated to the Class 3 and other secured and priority claims pursuant to 11 U.S.C. §510(b). Class 4 claimants shall receive zero on account of their Class 4 claims.

## ARTICLE VIII
## SPECIFICATION AND TREATMENT OF CLASS 5 INTERESTS

8.1 - Class 5 includes the Interests in the Debtor. Class 5 is impaired by this Plan. On the Effective Date of the Plan all Class 5 interests shall be cancelled.

## ARTICLE IX
## MEANS FOR THE PLAN'S EXECUTION

9.1 - **Operation of Business.** The Debtor shall be empowered to take such action as may be necessary to perform its obligations under this Plan.

9.2 – **Management Fees and Costs.** The Debtor shall be entitled to compensate its officers and directors with reasonable compensation for services following confirmation of the Plan. Funding for such fees will be derived from the operation of the Debtor's business.

9.3- **Effectuating the Plan.** On the Effective Date of the Plan, the Debtor's Board of Directors and officers shall be appointed as the agents of each Debtor, pursuant to appropriate corporate law, pursuant to 11 U.S.C. §1142(b) for the purpose of carrying out the terms of the Plan, and taking all actions deemed necessary or convenient to consummating the terms of the Plan, including but not limited to execution of documents.

9.4 – **Sale of Assets.** The Debtor may sell its interest in the Chinese subsidiary, Worldwide Energy and Manufacturing (Nantong) Co., Ltd. ("WEMU-Nantong") in which it owns 51% of the outstanding shares. The sale may occur at any time following confirmation of the Plan. The Debtor expects that any sale will be an asset sale of all assets owned by WEMU-Nantong which sale would be executed with the cooperation of

the minority shareholders who own 49% of WEMU-Nantong. Any such sale will be subject to applicable Chinese legal constraints.

9.5 - **Disputed Claim Procedure**. Distributions to any class of creditor will only be made on account of Allowed Claims. In the event that distributions are made at a time that a claim objection is pending before the Court or a judgment has entered to establish a Claim and the judgment is not subject to a Final Order, the portion of the distribution that would be paid to the disputed claimant will be held in an interest bearing bank account until the Claim is Allowed or disallowed. If Allowed, the Claim will be paid its appropriate share of the withheld payment. If disallowed, the withheld distribution will be paid on a Pro Rata basis to the remaining impaired Allowed claimants, or if all holders of Allowed Claims have been paid in full, paid to Debtor.

9.6 - **Claims and Litigation Bar Date and Standing**. All Claim objections and Avoidance Actions in the case must be filed no later than 90 days following the Effective Date. The Debtor shall have standing to commence, prosecute, and settle claim objections, Litigation, and avoidance actions without need for Court approval.

9.7 - **Administrative Expense Bar Date**. All applications for allowance and payment of Administrative Claims, including Professional Fees, must be filed within 45 days following the Effective Date of the Plan.

9.8 - **Monthly Installments.** Whenever the Plan provides for payment in monthly installments or a payment due in a certain month, the payment shall be due on the last day of the calendar month in which the payment is due, unless otherwise specified in the Plan. The Debtor shall then have a five day grace period within which the monthly payment must be received by the payee before the Debtor shall be in default, unless a longer period is specified elsewhere in the Plan.

9.9 - **Final Decree.** The Debtor will request entry of a final decree closing the case on or before the later of the date all Claim objections and any pending litigation is concluded or 180 days after the Effective Date of the Plan.

9.10 - **Quarterly Fees.** Prior to the entry of the final decree, the Debtor shall continue to remit quarterly fees and post-confirmation reports to the United States Trustee, as required by statute.

10

9.11 - **Exemption from Transfer Taxes.** Pursuant to Section 1146(c) of the Code, the issuance, transfer, or exchange of notes or equity securities under the Plan by the Debtor, the creation of any mortgage, deed of trust, or other security interest, the making or assignment of any lease or the making or delivery of any deed or instrument of transfer under, in furtherance of, or in connection with the Plan or the Agreements shall not be subject to any stamp, real estate transfer, mortgage recording, or other similar tax.

9.12 – **Contractual Relationship.** The Plan, upon confirmation, constitutes a new contractual relationship by and between the Debtor and its creditors. In the event of a default by the Debtor under the Plan, creditors shall be entitled to enforce all rights and remedies against the Debtor for breach of contract, the Plan. Any secured creditor claiming a breach of the Plan by the Debtor will be able to enforce all of its rights and remedies including foreclosure of its deed of trust, security agreement, lien, or mortgage pursuant to the terms of such document. Any creditor claiming a breach by the Debtor must provide written notice to the Debtor of the claimed default, the notice must provide the Debtor a ten (10) day period within which to cure the claimed default, unless a longer period is specified elsewhere in the Plan. Upon the Debtor's failure to cure the default within such ten day period, the creditor may proceed to exercise its rights and remedies.

9.13 – **Issuance of New Interests in Worldwide.** On the Effective Date of the Plan, Worldwide shall issue new stock interests in Worldwide to the holders of Class 3 claims who have selected Option 3 as set forth in paragraph 7.1.

## ARTICLE X
## EXECUTORY CONTRACTS AND UNEXPIRED LEASES

10.1 - On the Effective Date of the Plan, the Debtor does hereby assume those executory contracts and unexpired leases listed in Exhibit A attached hereto and incorporated herein by reference, which have not been assumed by prior Order of the Court prior to the Confirmation Date. On the date of the entry of an Order confirming the Plan, the Debtor shall be the holder of all right, title and interest to the assumed

leases and contracts and such assumed leases and contracts shall be in full effect and binding upon the Debtor and the other parties thereto. Confirmation of the Plan shall constitute a determination that the payments to be made to said creditors pursuant to the Plan satisfy all conditions precedent to assumption and assignment set forth in 11 U.S.C. §365(b) and (f).

10.2 - On the Effective Date of the Plan, the Debtor will reject all executory contracts and unexpired leases to which it is a party which are listed in Exhibit B, attached hereto and incorporated herein by reference which have not been rejected by prior Order of the Bankruptcy Court prior to the Confirmation Date. Executory contracts and unexpired leases will be rejected pursuant to the provisions of 11 U.S.C. §365. Any executory contract or unexpired lease not assumed in accordance with the Plan shall be rejected.

10.3 - An Order confirming this Plan constitutes approval by the Court of the assumption or rejection of the executory contracts and unexpired leases described herein in accordance with the provisions of 11 U.S.C. §365 and the Rules.

10.4 - **Claims Arising from Rejection.** All proofs of claim with respect to claims arising from the rejection of any executory contract or unexpired lease shall be filed with the Bankruptcy Court within twenty (20) days after the earlier of (i) the date of the Bankruptcy Court order approving the Debtor's rejection of such executory contract or unexpired lease or (ii) the Confirmation Date. Any claims not filed within such time shall be forever barred against the Debtor, its estate and property and any such Claims shall be disallowed in full. Claims arising from such rejection, to the extent Allowed, shall be treated as unsecured Claims.

## ARTICLE XI
## MISCELLANEOUS PROVISIONS

11.1 **Revestment.** On the Effective Date of the Plan all property of the estate shall revest in the Debtor free and clear of all liens except those specifically set forth in the Plan or as otherwise provided in the Plan.

11.2 **Retention of Jurisdiction.** Notwithstanding confirmation of the Plan, the Court shall retain jurisdiction for the following purposes:

1. Determination of the allowability of claims upon objection to such claims by the Debtor-in-Possession or by any other party in interest;

2. Determination of the request for payment of claims entitled to priority under 11 U.S.C. Section 507(a)(2), including compensation of the parties entitled thereto;

3. Resolution of any disputes regarding interpretation of the Plan;

4. Implementation of the provisions of the Plan and entry of orders in aid of consummation of the Plan, including without limitation, appropriate orders to protect the revested Debtor from action by creditors;

5. Modification of the Plan pursuant to 11 U.S.C. §1127;

6. Adjudication of any causes of action, including avoiding powers actions, brought by the debtor-in-possession, by the representative of the estate or by a Trustee appointed pursuant to the Code;

7. Adjudication of any cause of action brought by the debtor-in-possession, by a representative of the estate, or by a Trustee appointed pursuant to the Code, or the revested Debtor exercising rights and powers as provided in 11 U.S.C. §§542-549. This section shall not be construed to limit any other power or right which the Debtor may possess under any section of the Code; and

8. Entry of a final decree.

11.3 - **Satisfaction of Claims.** The Debtor shall receive a discharge on the Effective Date of the Plan pursuant to Section 1141(d). Confirmation of the Plan and the occurrence of the Effective Date of the Plan shall constitute a modification of any note or obligation for which specification and treatment is provided under the Plan as set forth in the Plan. Any obligation or note, previously in default, so modified, shall be cured as modified as of the Effective Date. This provision shall be operable regardless of whether the Plan provides for any obligation to be evidenced by a rewritten loan or security document following confirmation of the Plan.

11.4 **Headings**. The headings used in the Plan are for convenience of reference only and shall not limit or in any manner affect the meaning or interpretation of the Plan

13

11.5 **Notices.** All notices, requests, demands, or other communications required or permitted in this Plan must be given in writing to the party(ies) to be notified. All communications will be deemed delivered when received at the following addresses:

    a.    To:
Worldwide Energy & Manufacturing USA, Inc.
6754 West Hinsdale Ave.
Littleton, CO 80128-4515
Email:j.ballard@q.com

With a copy to:
Lee M. Kutner
Kutner Brinen Garber, P.C.
303 East 17th Avenue, Suite 500
Denver, CO 80203
Fax: 303-832-1510
Email: lmk@kutnerlaw.com

    b.    To an allowed claimant, at the addresses set forth in the allowed Proof of Claim, if filed, otherwise, at the address set forth for the claimant in the Debtor's Schedules filed with the Court.

11.6 - **Successors and Assigns.** The Plan will be binding upon the Debtor, any creditor affected by the Plan and its heirs, successors, assigns and legal representatives.

11.7 - **Unclaimed Payments.** If a person or entity entitled to receive a payment or distribution pursuant to this Plan fails to negotiate a check, accept a distribution or leave a forwarding address in the event notice cannot be provided as set forth in paragraph 11.5, within three months of the Effective Date of the Plan, the person or entity is deemed to have released and abandoned any right to payment or distribution under the Plan.

11.8 - **Committee Existence.** Any Creditors Committee appointed in the bankruptcy case shall terminate on the Effective Date of the Plan.

11.9 - **Liability.** Except as set forth in this Plan, neither the Debtor nor any of its agents, representatives, attorneys, accountants or advisors shall have or incur any liability for any past, present or future actions taken or omitted to be taken under, in connection with, related to, affecting or arising out of the bankruptcy case or this Plan

except for claims based on gross negligence or willful misconduct which must be asserted during the course of the cases.

## ARTICLE XII
## CONFIRMATION REQUEST

12.1 - The Debtor, as proponent of the Plan, requests confirmation of the Plan pursuant to 11 U.S.C. §1129. The Debtor will solicit acceptance of the Plan after its Disclosure Statement has been approved by the Court and is transmitted to the creditors, interest holders and parties in interest. In the event the Debtor does not obtain the necessary acceptances of its Plan, it may make application to the Court for confirmation of the Plan pursuant to 11 U.S.C. §1129(b). The Court may confirm the Plan if it does not discriminate unfairly and is fair and equitable with respect to each class of Claims or Interests that is impaired and has not voted to accept the Plan.

DATED: November 12, 2013

Worldwide Energy & Manufacturing USA, Inc.

By: _____
John Ballard, Chairman of Board and CFO

Lee M. Kutner
Kutner Brinen Garber, P.C.
303 East 17th Avenue, Suite 500
Denver, CO 80203
Telephone: 303- 832-2400
Fax: 303-832-1510
Email: lmk@kutnerlaw.com
ATTORNEYS FOR THE DEBTOR
AND DEBTOR-IN-POSSESSION

# CERTIFICATE OF SERVICE

The undersigned certifies that on November 12, 2013, I served by prepaid first class mail a copy of the foregoing **AMENDED PLAN OF REORGANIZATION DATED OCTOBER 28, 2013** on all parties against whom relief is sought and those otherwise entitled to service pursuant to the FED. R. BANKR. P. and these L.B.R. at the following addresses:

Alan K. Motes, Esq.
United States Trustee's Office
999 18th Street, Suite 1551
Denver, CO 80202

James T. Burghardt, Esq.
Moye White, LLP
1400 16th Street
6th Floor
Denver, CO 80202-1473

Sonia Chae, Esq.
Securities and Exchange Commission
175 West Jackson Blvd.
Suite 900
Chicago, Illinois 60604

Carla B. Minckley, Esq.
Thomas D. Birge, Esq.
Birge & Minckley, P.C.
9055 East Mineral Circle
Suite 110
Centennnial, CO 80112-3457

Catherine Scholmann Robertson, Esq.
Pahl & McCay
225 West Santa Clara Street
Suite 1500
San Jose, CA 95113

Gary Koos
1864 Sannita Court
Pleasanton, CA 94566

Alan Chinn Group
An Accountancy Corporation
4301 Hacienda Drive
Suite 200
Pleasanton, CA 94588

Pahl & McCay, PLC
225 West Santa Clara Street
Suite 1500
San Jose, CA 95113-1752

Steve Baer
1045 Mission Street
Apt. 203
San Francisco, CA 94103

Crescent International, Ltd.
c/o Cantara (Switzerland) SA
84, Ave. Louis-Casai
CH-1216 Cointrin
Geneva Switzerland

Michael J. Guyerson, Esq.
1873 South Bellaire Street
Suite 1401
Denver, CO 80222

Phillip Pai
1462 Ferguson Way
San Jose, CA 95129-4919

Cletis E. Root
907 Trout Street
Johnston City, IL 62951

John Whitton
9 Sweetwater Court
Lake in the Hills, IL 60156

Kenneth J. Buechler, Esq.
1621 18th Street
Suite 260
Denver, CO 80202

Craig M.J. Allely, Esq.
Zane Gilmer, Esq.
Perkins Coie, LLP
1900 Sixteenth Street
Suite 1400
Denver, CO 80202-5255

_____
Vicky Martina

# EXHIBIT A
## Executory Contracts and Unexpired Leases Assumed

1. All contracts and leases previously assumed or for which a motion to assume is pending.
2. All leases and contracts that are not specifically rejected.
3. Independent Sales Representation Agreement with Jimmy Wang.
4. Consulting Agreement with Mindy Wang.
5. Independent Contractor Agreement with Diane Thelen.
6. Outside Independent Contractor Agreement with Tiffany Liu.
7. Employment Agreement with John Ballard.
8. Agreement with Shui Shum.
9. All open purchase orders.

# EXHIBIT B
## Executory Contracts and Unexpired Leases Rejected

A.  All leases and contracts previously rejected by Court Order.