UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| IN RE: ) | |
| ) | Case No. 13-21577-MER |
| WORLDWIDE ENERGY & ) | |
| MANUFACTURING USA, INC. ) | |
| EIN: 77-0423745 ) | Chapter 11 |
| ) | |
| Debtor. ) | |

**MOTION FOR ORDER APPROVING SETTLEMENT AND ALLOWANCE OF CREDITOR'S CLAIM PURSUANT TO FED. R. BANKR. P. 9019**

The Debtor, Worldwide Energy & Manufacturing USA, Inc. ("Debtor" or "WEMU"), by and through its attorneys, Kutner Brinen Garber, P.C., respectfully moves this Court for entry of an order approving a settlement of claim with CJ Holdings LLC, an unsecured creditor, as follows:

1. The Debtor filed for relief under Chapter 11 of the Bankruptcy Code on July 5, 2013 and the Debtor remains a debtor-in-possession.

2. The Debtor is an international manufacturing and engineering firm making various parts in China, including solar panels, aerospace parts, electronic parts, and various parts related to other industries. The Debtor owns interests in various subsidiaries in China. The Debtor's business includes being an intermediary between customers and subcontractors, as well being as a direct manufacturer of certain parts through its subsidiaries.

3. A bar date for filing Proofs of Claim has been established by Court Order in this case and the bar date was set as September 9, 2013.

4. On August 26, 2013, Debtor's former landlord, CJ Holdings, LLC, ("CJH"), filed a proof of claim in the amount of $62,148.86 (Claim No. 6), for breach of a lease contract, interest and penalties ("Claim"). The Debtor disputes the amount of the Claim.

5. The Debtor abandoned the subject premises pre-petition. At the time of abandonment, CJH offered Debtor a full release of past due balances, interest and penalties, if WEMU would, *inter alia*, restore the premises to move in condition ("Modified Lease Agreement"). The Modified Lease Agreement is attached hereto as Exhibit A. Due to the circumstances at hand, the Debtor was not able to restore the premises into move in condition.

6. As a result of the condition of the premises, the Debtor could be potentially liable for all past-due rent, interest and penalties under the original lease in the range of approximately $80,000. To avoid the cost, expense and delay of litigation, Debtor agrees to allow CJH a general unsecured claim against the estate in the amount of $10,000 ("Settlement Amount"). The Debtor requests that the Court approve the compromise and settlement of claims between Debtor and CJH pursuant to the terms and conditions set forth in the Settlement Agreement, attached hereto as Exhibit B.

7. The Court's authority to approve settlements is derived from Fed. R. Bankr. P. 9019(a). This rule provides that "after notice and hearing, the court may approve a compromise or settlement." Fed. R. Bankr. P. 9019(a).

8. The law generally favors compromises and settlement of disputes among parties. *See Stanspec Corp. v. Jelco*, 464 F.2d 1184, 1187 (10th Cir. 1972). To evaluate a settlement proposal, a court must "determine whether the settlement is fair and equitable and in the best interests of the estate." *Kaiser Steel Corp. v. Frates (In re Kaiser Steel Corp.)*, 105 B.R. 971, 976 (D. Colo. 1989). In making this determination, the Court should consider (1) the probable success of the litigation on the merits; (2) any potential difficulty in collection of a judgment; (3) the complexity and expense of the litigation; and (4) the interests of creditors in deference to their reasonable views. See *In re Kopexa Realty Venture Co.*, 213 B.R. 1020, 1022 (B.A.P. 10th Cir. 1997); *Official Comm. of Unsecured Creditors of Western Pac. Airlines v. Western Pac. Airlines (In re Western Pac. Airlines)*, 219 B.R. 575, 579 (D. Colo. 1998).

9. Settlement of the Claim is in the best interest of the Debtor and the estate because it will reduce potential litigation expenses that will accrue if the Debtor was required to litigate its objection to the Claim, will reduce the potential overall liability against the estate, and is a fair treatment of this claim. The Debtor believes that it was responsible to restore the premises into move in condition as required under the Modified Lease Agreement, and therefore believes that CJH holds a claim, however, not in the amount of $62,148.86, which is the amount listed on the Claim. The facts of the case are not very complex, however, a trial would involve several witnesses and exhibits to account for the condition of the premises when the Debtor moved out, and potentially an expert witness to testify to the reasonable extent of damages related to restoration of the premises. The Debtor believes the Settlement Amount is a reasonable compromise, and is in the best interests of the estate.

10. Notice of this Settlement Motion will be provided to all creditors, the United States Trustee, all parties making an entry of appearance, and any other entity that the Court may direct.

WHEREFORE, the Debtor prays that the Court make and enter an order Approving the Settlement Agreement, reducing the general unsecured CJH Claim to $10,000, and for such further and additional relief to the Court may appear proper.

Dated: November 15 2013

Respectfully submitted,

By: _____
Lee M. Kutner, #10966
Jenny M.F. Fujii, #30091
**KUTNER BRINEN GARBER, P.C.**
303 East 17th Avenue, Suite 500
Denver, CO 80302
Telephone: (303) 832-2400
Facsimile: (303) 832-1510
E-Mail: lmk@kutnerlaw.com

3

## CERTIFICATE OF SERVICE

The undersigned certifies that on November 15, 2013, I served by prepaid first class mail a copy of the foregoing **MOTION FOR ORDER APPROVING SETTLEMENT AND ALLOWANCE OF CREDITOR'S CLAIM PURSUANT TO FED.R.BANKR.P. 9019 AND NOTICE OF MOTION FOR ORDER APPROVING SETTLEMENT OF CLAIM WITH CJ HOLDINGS, LLC** on all parties against whom relief is sought and those otherwise entitled to service pursuant to the FED. R. BANKR. P. and these L.B.R. at the following addresses:

Alan K. Motes, Esq.
United States Trustee's Office
999 18th Street, Suite 1551
Denver, CO 80202

James T. Burghardt, Esq.
Moye White, LLP
1400 16th Street
6th Floor
Denver, CO 80202-1473

Sonia Chae, Esq.
Securities and Exchange Commission
175 West Jackson Blvd.
Suite 900
Chicago, Illinois 60604

Carla B. Minckley, Esq.
Thomas D. Birge, Esq.
Birge & Minckley, P.C.
9055 East Mineral Circle
Suite 110
Centennnial, CO 80112-3457

Catherine Scholmann Robertson, Esq.
Pahl & McCay
225 West Santa Clara Street
Suite 1500
San Jose, CA 95113

Gary Koos
1864 Sannita Court
Pleasanton, CA 94566

Alan Chinn Group
An Accountancy Corporation
4301 Hacienda Drive
Suite 200
Pleasanton, CA 94588

Pahl & McCay, PLC
225 West Santa Clara Street
Suite 1500
San Jose, CA 95113-1752

Steve Baer
1045 Mission Street
Apt. 203
San Francisco, CA 94103

Crescent International, Ltd.
c/o Cantara (Switzerland) SA
84, Ave. Louis-Casai
CH-1216 Cointrin
Geneva Switzerland

Michael J. Guyerson, Esq.
1873 South Bellaire Street
Suite 1401
Denver, CO 80222

Phillip Pai
1462 Ferguson Way
San Jose, CA 95129-4919

Cletis E. Root
907 Trout Street
Johnston City, IL 62951

John Whitton  
9 Sweetwater Court  
Lake in the Hills, IL 60156  

Kenneth J. Buechler, Esq.  
1621 18th Street  
Suite 260  
Denver, CO 80202  

CJ Holdings, LLC  
P.O. Box 968  
Millbrae, CA 94030-0968  

Craig M.J. Allely, Esq.  
Zane Gilmer, Esq.  
Perkins Coie, LLP  
1900 Sixteenth Street  
Suite 1400  
Denver, CO 80202-5255  


_____  
Vicky Martina

**EXHIBIT A**

CJ Holdings, LLC
P.O. Box 968
Millbrae, CA 94030

March 7th, 2013

**Worldwide Manufacturing & Energy, Inc.**
408 A&B N. Canal Street
South San Francisco, CA 94080
Attn: John Ballard, CFO

RE: Rental deficiency and Lease expiration

Dear John,

Please find the FINAL settlement offer from Landlord as follow:

Conditions upon:

1. Monthly rental amount shall be ten thousand dollars ($10,000) per month for the remaining three months.

2. Worldwide Manufacturing will vacate the premise on or before Lease expiration on 5/31/2013. Tenant shall leave premise in broom clean condition less normal wear and tear. Tenant shall further have all of its shelving, racks, furniture and fixtures cleared and removed. Tenant shall leave work cubicles along with arm chairs (11 units), properties of Landlord, in office area in an orderly condition.

3. Upon pallet rack removal, tenant will remove bolt/stud then patch/fill any and all holes on flooring and sheet rock walls.

4. Tenant has agree for Landlord to keep ALL security deposits, $20,328, held by Landlord as part of this settlement to mitigate Landlord losses.

5. Tenant will reimburse Landlord for its share of actual water & sewage fees for the period from January 1, 2012 to December 31, 2012 of $928.13 and estimated usages from January 1, 2013 to May 31, 2013 of $386.72 for a sum total of $1,314.85. by March 31st, 2013.

If Tenant complies to the above terms, Landlord shall forgive any and all past rental obligations of Tenant of over eighty thousand dollars (see attachment). However, if Tenant defaults on any of the above conditions, Landlord shall have the option to seek from Tenant any and all past rent, interest, penalties along with legal fees.

Not withstanding where this agreement is consummated, in the event of any legal action required to enforce the terms of this agreement, Tenant agrees that the laws of the state of California shall govern such action. The courts of the state of California shall have exclusive jurisdiction for such action and the venue shall be in San Mateo County.

Time is of the essence. Please return a signed acknowledgement copy to us today by 5:00 PM.

I have read, understood, and acknowledge the terms forthwith.

_____    _____
John Ballard- CFO Worldwide Manufacturing & Energy, Inc         date

*[Handwritten annotations:]*

Ausilia,
Please arrange the following 2 payments to CJ Holdings, LLC (the landlord)
(1) $1000.- (balance Mar.13 rent) ~~give the issued check back to~~ me. Send out together with the original signed agreement.
(2) Issue a check amount $1,314.85 and send out before March 22nd.
Thanks.

This is second month

#6680

ck#6703 $1,314.85 date: 3/8/2013

3/7/13

Leslie, please pay this for April rent

## SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is entered into as of October 17, 2013, by and between Worldwide Energy and Manufacturing USA, Inc., a Colorado Corporation ("WEMU") and CJ Holdings, LLC, a California Corporation ("CJH") (collectively, "Parties"), for the purpose of settling and compromising all claims arising out of a lease agreement for a commercial warehouse space located at 408 North Canal St, Units A & B, South San Francisco, California. ("Lease")

## RECITALS

WHEREAS, the Parties entered into the Lease on March 27, 2008. (Exhibit A)

WHEREAS, the Lease term expired on June 30, 2013.

WHEREAS, WEMU abandoned the Lease premises on or around May 31, 2013 and relocated to another commercial property.

WHEREAS, WEMU filed its Chapter 11 Bankruptcy Case ("Petition") in the U.S. Bankurptcy Court for the District of Colorado on July 5, 2013.

WHEREAS, CJH alleges that WEMU's abandonment prior to the expiration of the lease on May 31, 2013 constitutes a breach of the Lease.

WHEREAS, WEMU and CJH entered into a signed Settlement Agreement on March 7, 2013 that, *inter alia*, required WEMU to restore the Lease Premises to "move in" condition by removing bolts, patching holes in floor and sheet rock; and also required WEMU to pay outstanding utility bills. (Exhibit B)

WHERAS, in exchange for the above consideration, CJH agreed to forego past due rent, interest and penalties, in an approximate amount of $80,000 (EIGHTY THOUSAND DOLLARS).

WHEREAS, WEMU failed to restore the premises to "move in" condition and otherwise breached the Settlement Agreement in material respects, for which it has no known defenses in equity or at law.

WHEREAS, as a result of WEMU's breach of the Settlement Agreement, CJH filed an unsecured claim against WEMU in the amount of $62,148.86 on August 26, 2013, prior to the bar claims date.

NOW, THEREFORE, IT IS HEREBY AGREED by and between the Parties that in full and complete settlement of all claims made against it, WEMU shall recognize as undisputed a claim by CJH in the amount of $10,000 ("Settlement Sum") upon the following terms and conditions:

1. CJH shall be treated as a general unsecured creditor and shall receive payment(s) towards the Settlement Sum on par with all other general unsecured creditors, according to the terms laid out in the Plan of Reorganization as approved by the Bankruptcy Court.

2. Each Party shall bear its own costs and expenses incurred in connection with this Settlement.

3. The parties acknowledge that no representation or promise not expressly contained in this Settlement Agreement has been made by any Party and that neither Party has relied on any statement not contained in this Agreement when entering into the same.

4. In case any provision of this Settlement Agreement shall be invalid, illegal, or unenforceable, the validity, legality, or enforceability of the remaining provisions shall not in any way be affected or impaired thereby.

5. This Settlement Agreement may be executed in counterparts. Facsimile or electronically transmitted signatures of the parties shall be deemed as originals for purposes of this Settlement Agreement. The signatories below to this Settlement Agreement each hereby represent and warrant that they are duly authorized to execute this Settlement Agreement.

IN WITNESS WHEREOF, the parties hereto, intending to be legally bound, have caused this Settlement Agreement to be executed as of the date and year first written above. All parties hereto acknowledge that they have read all of this Settlement Agreement and fully understand all of the same.

Dated:

WORLDWIDE ENERGY AND MANUFACTURING USA INC,
a Colorado Corporation

*[signature]* 10/18/13

John Ballard
Chief Financial Officer, Chairman of the Board

Dated: 10/18/13

CJ HOLDINGS LLC, a California Corporation

*[signature]*

Frank Cheung
Title: Director