# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In re: )<br>)<br>WORLDWIDE ENERGY & )<br>MANUFACTURING USA, INC., )<br>)<br>           Debtor. )<br>_____ )<br>JIMMY WANG and )<br>MINDY WANG, )<br>           Movants, )<br>)<br>v. )<br>)<br>WORLDWIDE ENERGY & )<br>MANUFACTURING USA, INC. )<br>)<br>           Respondent. ) | Case No.  13-21577 MER<br>Chapter 11 |

## MOTION FOR RELIEF FROM STAY PURSUANT TO 11 U.S.C. § 362(d)

JIMMY WANG ("Mr. Wang") and MINDY WANG ("Mrs. Wang") (together, "Movants"), by and through their undersigned counsel, respectfully move this Court for relief from stay pursuant to 11 U.S.C. § 362(d), and state as follows:

### I.  PARTIES

1. Worldwide Energy & Manufacturing USA, Inc. ("Debtor") filed for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") on or about July 5, 2013 (the "Petition Date").

2. Mr. Wang is the Debtor's former chief executive officer.

3. Mrs. Wang is the Debtor's former VP, Secretary, Treasurer, and one of its Directors.

### II.  INTRODUCTION

4. The Movants seek relief from the stay to enforce their rights to have Liberty International Underwriters USA ("Liberty") continue advancing legal fees and expenses and to offer

the policy proceeds for a potential settlement (if one is reached) under the Excess DIC Side-A Only Executive Advantage Policy, Policy No. DO3S-809445-002 (the "Excess Policy")[1], in connection with a class action lawsuit originally filed on December 4, 2012[2], Debtor's Chapter 11 bankruptcy filing in this Court, and related matters (collectively, the "Litigation"). A true and accurate copy of the Excess Policy is attached hereto as **Exhibit 1**. Until the Debtor's bankruptcy filing, Liberty was advancing reasonable legal fees and costs for the Litigation pursuant to the Excess Policy.

5. The purpose of this Motion is to permit Liberty to continue payment of reasonable legal fees and defense costs under the Excess Policy and to make the remainder of the Excess Policy available for settlement purposes. The Movants believe that based on the language of the Excess Policy and applicable case law, the Excess Policy proceeds are not property of the estate and the automatic stay does not apply to those proceeds. Nevertheless, the Movants bring this Motion out of an abundance of caution. Further, to the extent the Excess Policy proceeds are deemed property of the estate, Movants request that the Court grant relief from the stay for the purpose of paying reasonable fees, costs, and expenses incurred by or on behalf of Movants under the Excess Policy, and to be used to satisfy or resolve the claims against them, for which Debtor is admittedly obligated for indemnification.

### III. JURISDICTION

6. This Court has jurisdiction to consider this motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper before this Court pursuant to 28 U.S.C. § 1409.

### IV. BACKGROUND

7. Approximately seven months prior to the Petition Date, on December 4, 2012, Matthew Hayden ("Hayden" or "Plaintiff") filed a class action suit alleging securities fraud against Debtor and certain of its former officers and directors on behalf of investors who purchased shares of Debtor's common stock pursuant to a Securities Purchase Agreement in two best efforts private placements in January and February 2010. On February 11, 2013, Plaintiff added Jennifer Maliar and other former directors of the Debtor as defendants in his First Amended Complaint. A true and accurate copy of the First Amended Complaint is attached hereto as **Exhibit 2**.

8. Prior to the Petition Date, the Movants submitted a demand for indemnification and defense to Debtor. Debtor has acknowledged its obligation to indemnify and defend; however, Debtor responded that it did not have the funds to provide a defense or indemnify the insured defendants.

---

1. Debtor had also obtained a Primary Policy for Directors and Officers insurance issued by Great American Life, Policy No. DOL3663637. That policy provided coverage for both the natural person officers and directors, as well as coverage for the entity. That policy has been exhausted, and no policy proceeds remain to satisfy any claims in the or other claims against Debtor or the Insured Defendants.
2. The class action lawsuit was originally filed in the Superior Court of the State of California, San Mateo County which was removed to the United States District Court, Northern District of California and subsequently remanded to the San Mateo Superior Court.

9. Liberty issued the Excess Policy for the benefit of "Insured Persons"[3] – that is, natural persons who were or are officers or directors of Debtor – and not for the benefit of the corporation. Under the Excess Policy, "the Insurer will pay on behalf of the Insured Persons all Loss resulting from any Claim first made against them during the Policy Period, or Discovery Period, for any actual or alleged Wrongful Act." Ex. 1, § 1. In addition, the Excess Policy provides that "[t]he Insurer shall pay on a current basis all reasonable, necessary and undisputed Defense Costs before the disposition of the Claim."

10. The Movants retained counsel to represent their interests in connection with the Plaintiff's noticed claims. Liberty, through its legal counsel, affirmed its obligations to the Movants under the Excess Policy and agreed to pay defense costs under a reservation of rights.

11. On July 8, 2013, after the Petition Date, Debtor filed a Notice of Stay of Proceedings Based on Bankruptcy Filing with the San Mateo Superior Court. On July 9, 2013, Defendant Ladenburg Thalmann & Co. Inc. filed for removal of the case from San Mateo County Superior Court to the United States District Court for the Northern District of California (the "District Court"). A true and accurate copy of the Notice of Removal is attached hereto as **Exhibit 3**. On July 11, 2013, Debtor filed a Notice of Stay of Proceedings Based on Bankruptcy Filing with the District Court. On November 13, 2013, the District Court entered an order severing the Debtor and remanding the case against the other Defendants to the San Mateo Superior Court. Litigation is ongoing. Accordingly, the Movants filed this Motion to request relief from the automatic stay out of an abundance of caution.

12. Liberty has informed the Movants that, in order to avoid any inadvertent violation of the automatic stay by Liberty or Movants, Movants must obtain approval of this Court to allow Liberty to make further payments for defense costs. A true and accurate copy of a letter from Liberty to another defendant stating Liberty's position in this matter is attached hereto as **Exhibit 4**.

V. ARGUMENT

A. The Stay Does Not Apply to Excess Policy Proceeds to the Insured Defendants

12. The automatic stay of Section 362, effective upon the filing of a petition under the Bankruptcy Code, enjoins, inter alia, "any act to obtain possession of property of the estate ... or to exercise control over property of the estate." 11 U.S.C. § 362(a)(3). Courts recognize the sound rule that "ownership of a[n] [insurance] policy does not inexorably lead to ownership of the proceeds." *In re Louisiana World Exposition, Inc.*, 832 F.2d 1391, 1401 (5th Cir. 1987); *see also In re Continental Airlines*, 203 F.3d 203, 216-217 (3d Cir. 2000) (noting that the "proceeds from [an]

---

[3] "Insured Persons" are defined in the Excess Policy as "one or more natural persons, who were, now are, or shall hereafter be duly elected or appointed directors or officers of the Organization, including member managers, members of the board of managers, and any general counsel or other employed lawyer who is both an employee and duly appointed officer of the Organization."

insurance policy should be evaluated separately from the debtor's interest in the policy itself"); *In re Stevens*, 130 F.3d 1027, 1029 (11th Cir. 1997) ("[T]he fact that the insurance policy is property of the bankruptcy estate, however, does not necessarily mean that the proceeds from that policy are also property of the estate"). Further, the proceeds of a directors' and officers' ("D&O") policy are not subject to the automatic stay when they are not part of the debtor's estate. "[W]hen the liability insurance policy only provides direct coverage to the directors and officers the proceeds are not property of the estate." *In re Allied Digital Technologies, Corp.*, 306 B.R. 505, 512 (Bankr. D. Del. 2004). "Two basic rules run across the decisions, and are properly applied to the simplest-case scenarios:

> When [a D&O] insurance policy provides coverage only to the debtor, courts will generally rule that proceeds are property of the estate.... On the other hand, when a policy provides coverage only to directors and officers, courts will generally rule that the proceeds are not property of the estate.

*In re World Health Alternatives, Inc.,* 369 B.R. 805, 810 (Bankr.D.Del.2007). *See also In re Arter & Hadden, L.L.P.,* 335 B.R. 666, 672 (Bankr.N.D.Ohio 2005)." *In re Petters Co., Inc.*, 419 B.R. 369, 376 (Bankr. D. Minn. 2009).

13. The facts in *Louisiana World Exposition* are consistent with those in this case. There, the policy proceeds were not property of the estate because liability coverage at issue "d[id] not cover the liability exposure of the corporation at all, but only of its directors and officers and [wa]s payable only to them." *Louisiana World Exposition*, 832 F.2d at 1400. Here, the Excess Policy does not name or define Debtor as an Insured Person. As in *Louisiana World Exposition*, the Excess Policy proceeds are payable only to Debtor's officers and directors. Liberty expressly issued the Excess Policy for the benefit of parties such as the Movants. Accordingly, the automatic stay is not applicable to payments of the insured defendants' defense costs under the Excess Policy because the Excess Policy proceeds are not property of the Debtor's estate.

B. <u>Even if the Excess Policy Proceeds Were Determined to be Property of the Estate, Cause Exists for Relief from the Stay</u>

14. Even if the Court were to conclude that proceeds of the Excess Policy are property of the Debtor's estate – which they are not – "cause" exists under 11 U.S.C. § 362(d) for relief from the stay for the purpose of permitting Liberty to advance payments of reasonable and necessary legal fees and expenses incurred by Movants in connection with the Litigation and to make the remainder of the Excess Policy available for settlement purposes.

15. Section 362(d) provides that the Court may grant relief from the automatic stay on request from a party in interest for "cause." 11 U.S.C. § 362(d). The determination of "cause" for purposes of this section is determined on a case-by-case basis and is left to the sound discretion of the bankruptcy judge. *See Pursifull v. Eakin*, 814 F.2d 1501, 1504 (10th Cir. 1987) ("The decision as to whether to lift the stay is committed to the discretion of the judge presiding over the bankruptcy

proceedings, and we review such decision under the abuse of discretion standard") (internal citations omitted). Although the primary role of the bankruptcy stay is to protect the debtor, the Court also should consider the relative harms to other interested parties if the stay is not lifted. *See In re Chari*, 262 B.R. 734, 737 (Bankr. S.D. Ohio 2001) (analysis of whether to lift stay requires a balancing of the relative harms to the movant and to debtor's estate).

16. "It is not uncommon for courts to grant stay relief to allow payment of defense costs or settlement costs to directors and officers…." *In re Allied Digital Techs. Corp.*, 306 B.R. at 513. There, the court held that relief from the stay was appropriate even if the D&O policy proceeds were property of the estate because the directors and officers could suffer "substantial and irreparable harm" from lacking the funding necessary to conduct a meaningful defense. *Id*. at 513-14. The court further noted that the directors and officers had bargained for precisely this coverage. *Id*. at 514.

17. Similarly, in *In re Cybermedica, Inc*. the court held that the policy proceeds at issue were property of the estate but found that cause existed to lift the stay because the directors and officers would "suffer substantial and irreparable harm if prevented from exercising their rights to defense payments." 280 B.R. 12, 17-18 (Bankr. D. Mass. 2002). The *Cybermedica* court also observed that "the debtor would not be harmed because the defense costs being paid were ultimately the obligation of the debtor to indemnify the directors and officers." *Id*.

18. Here, similar irreparable harms await the Movants if the Excess Policy proceeds are withheld from them due to the automatic stay. The Litigation is still in its early stages, with the issue of venue just decided and discovery yet to begin in earnest. Without the Excess Policy proceeds, the Movants will incur personal liability for the legal fees and costs from defending against Plaintiff's claims. In this case, sufficient "cause" certainly exists to warrant relief from the stay to permit Liberty to continue paying proceeds under the Excess Policy in connection with the Plaintiff's noticed claims and to make the remainder of the Excess Policy available for contribution towards a potential settlement by the insured defendants.

19. The relief requested here will also protect and benefit the Debtor as well as creditors. If Movants are allowed to use the Excess Policy proceeds to fund their defense, their claims for indemnity against the Debtor will be reduced to the extent paid by the Excess Policy proceeds instead of being paid by the Debtor or the estate. Therefore, although the Movants believe the Excess Policy proceeds are not part of the Debtor's estate, good cause nonetheless exists for relief from the automatic stay to prevent the harm of personal liability for the legal fees and costs incurred by the Movants in connection with the Plaintiff's noticed claims

20. No affidavit is attached in connection with the provisions of the Servicemembers Civil Relief Act of 2003, 50 App. U.S.C. § 501 *et seq.* and L.B.R. 4001-1.4 because the Debtor is a corporation.

21. No prior request for the relief sought herein has been made by the Movants to this or any other court.

## VI. CONCLUSION

22. For the reasons set forth above, the Movants respectfully request an order from this Court terminating the automatic stay to permit payment of reasonable legal fees and defense costs under the Excess Policy incurred by the Movants in connection with the Plaintiff's noticed claims.

**WHEREFORE**, Mr. Wang respectfully requests that this Court enter an Order granting the Movants relief from the stay to enforce their rights under the Excess Policy to allow Liberty to fund any defense of the Movants in connection with the Litigation and to use the policy proceeds to settle any claims against the Movants in connection with the Litigation, and for such other and further relief as to this Court may deem appropriate.

DATED this 30th day of December, 2013.

SENDER WASSERMAN WADSWORTH, P.C.

*/s/ David J. Warner*
David J. Warner, #38708
1660 Lincoln Street, Suite 2200
Denver, Colorado 80264
303-296-1999 / 303-296-7600 FAX
dwarner@sww-legal.com
ATTORNEYS FOR MOVANT