## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In re: ) | |
| WORLDWIDE ENERGY & ) | |
| MANUFACTURING USA INC. ) | Case No.13-21577 MER |
| ) | |
| EIN: 77-0423745 ) | Chapter 11 |
| Debtor ) | |

**THE UNSECURED CREDITORS COMMITTEE'S OBJECTION TO THE AMENDED DISCLOSURE STATEMENT TO ACCOMPANY AMENDED PLAN OF REORGANIZATION DATED OCTOBER 28, 2013**

The Official Committee of Unsecured Creditors, (the "Committee"), by and through its counsel, Onsager, Staelin & Guyerson, LLC, hereby files this Objection to the Amended Disclosure Statement to Accompany Amended Plan of Reorganization Dated October 28, 2013 (this "Objection"). In support thereof, the Committee states as follows:

**PROCEDURAL BACKGROUND**

1. On July 5, 2013, Worldwide Energy & Manufacturing USA Inc. ("Worldwide" or "Debtor"), filed for relief under Chapter 11 of the United States Bankruptcy Code and has been operating as a debtor-in-possession.

2. On September 6, 2013, the Committee was formed pursuant to 11 U.S.C. §1102 by the U.S. Trustee's appointment.

3. On November 12, 2013, Debtor filed its Proposed Amended Plan of Reorganization and accompanying Disclosure Statement ("Plan") and Disclosure Statement.

4. On November 26, 2013 the Committee filed its Objection to the Disclosure Statement, Docket No. 142.

5. The Debtor subsequently filed its Amended Disclosure Statement on December 2, 2013, Docket No. 148 ("Amended Disclosure Statement").

6. The Committee notes the following continued objections and comments on the Amended Disclosure Statement as follows:

7. At p. 7- 8 the Debtor states it will not pursue any claims against the Wang's because their actions did not 'materially impact' the Debtor's financial statements; however, the Wang's actions did cause the Debtor to pay a $100,000 SEC fine and incur an unknown amount of fees and costs in settling the SEC matter, all as result of the breach of fiduciary duty of Jimmy Wang and Mindy Wang his wife, none of which is being pursued or offset against the

Wang's Proof of Claims No. 15 and 16 filed herein. **The Debtor should disclose the total amount of fines, fees and costs it incurred and is choosing not to recover or offset.**

8. At p. 10 the Committee disputes that Court approval is not needed for the 'independent consulting agreements' with the Debtor.

9. At p.11 the statement that the Wang's are not insiders and that Ms. Thelen is not an insider as "defined by the Code" is disputed by the Committee and the Amended Disclosure Statement should clearly state that the Committee disputes those allegations. The Wang's and Thelen have a long and convoluted history with Worldwide and its predecessors all as now described at p. 11 of the Amended Disclosure Statement.

10. At p. 12 the Committee also believes that family members of insiders are insiders and the Committee disputes the statements at p. 12

11. At p. 13 the **Debtor is not the Wang's and the Debtor does not and should not speak for the Wang's** . The Wang's have filed POCs Nos. 15 & 16 which, if not objected to, are presumed valued. Those POCs seek recovery for all of their indemnification claims, vacation pay, and other amounts all as a general unsecured claim. Debtor has is not pursuing valid offsets and set offs to the POCs.

12. At p. 14 the entire discussion of Mr. Koos claims and Debtor's position is irrelevant to helping creditors describe whether to vote for the Debtor's Plan. Mr. Koos is not seeking approval of anything here, the Debtor is and the self-serving Debtor statements add nothing to the adequacy of disclosure.

13. At p.16 the Committee disputes the assertion that the Chinese assets have no liquidation value and the Amended Disclosure Statement should clearly state that the Committee dispute that assertion.

14. At p. 18 to p.19, Exh. J the "expert opinion" on liquidation value should be deleted as should any references to it. It was done in May 2013 with an 'as of' date of Dec 31, 2012, prior to this Chapter 11 filing. The report was done for a purpose wholly unrelated to determining either the fair market value or liquidation value of the assets. The entire contents of Exh J are hearsay, unsubstantiated, and unauthenticated.

15. The Amended Disclosure Statement misstates what Exh. J states, which at p. 78 of 84 says the commons shares of the company have a value of $.22 per share or $1.268 million as of December 31, 2012.

16. At p. 19 Exh. D, Debtor's liquidation analysis should be caveated in bold print that the Committee disagrees with the assertion that the company's assets, other than cash and receivables, have zero value. That is purely an assumption by the Debtor and disputed by the Committee.

17. At p. 24 the Committee attorney fees are $13,316 as of December 30th. The Amended Disclosure Statement should indicate that the Debtor is behind in paying interim compensation to professionals.

18. At p. 28 The Debtor has no authority to state how the Wang's or Ms. McLaren or the Moye- White firm, if it remains the true holder of the claim, may vote on the Plan. Unless there is a stipulation on file and approved binding these creditors to a particular Plan selection or choice, all such reference should be deleted as they are speculative and misleading.

19. At p. 29, Exh. A's listing of unsecured creditors and connection to Debtor is misleading and inaccurate. First, the Wang's have two POCs filed and are not listed other than as equity holders. Mr. Koos has a POC filed, though disputed. Second, indicating what election various credited may make is without any foundation or basis. It is pure speculation unless a stipulation has been entered into. The list not up to date per the claim's registry.

20. At p. 32-33 the debtor statements about Mr. Koos leadership are misleading and not helpful for adequate disclosure purposes. The common poor performance in 2011 and 2012 was likely a result on Mr. Wang's illegal activities and the delisting of the company as a publically traded entity, none of which was caused by Mr. Koos or management at that time. They inherited a mess. It is all irrelevant and should be deleted or the other side properly told.

21. At. p. 34 entitled risk factors should indicate that no potential creditors in China have been notified of this filing and no bar date has been set regaining creditors outside the United States. As such these creditors' claims, if any, are not barred by this proceeding and not subject to the Plan. These creditors' claims might pose a risk to the continued viability of the Debtor. Aware of at least one foreign creditor who has contacted both us and the US Trustee's office claiming to be a creditor and never got notice of Plan or Bar Date.

22. The Amended Disclosure Statement should state in bold print that right to vote the unsecured claims of the Wang's and McClaran have been challenged by the Committee.

23. The Amended Disclosure Statement should further state that the votes of insider unsecured creditors such as Shanghai Intec, a subsidiary of the Debtor per Exh. A and listed at 1.622 million and Worldwide Energy listed at $209,000, may not count towards confirmation and that the Plan may not be confirmable absent their votes.

24. The Committee reserves all right to further object to Debtor's Amended

3

Disclosure Statement and any further amendment thereof, should any additional information be subsequently discovered by the Committee.

WHEREFORE, the Committee respectfully requests that this Court enter an order denying approval of the Amended Disclosure Statement; or alternatively, requiring the Debtor to further amend its Disclosure Statement to address the issues raised in this Objection, and for such further relief as is just and proper.

Dated: January 6, 2014       Respectfully submitted,

ONSAGER, STAELIN & GUYERSON, LLC

s/ Michael J. Guyerson
Michael J. Guyerson, #11279
1873 S. Bellaire St., Suite 1401
Denver, CO  80222
Ph: (303) 512-1123
Fax: (303) 512-1129

**Counsel for the Official Committee of Unsecured Creditors**

4

## Certificate of Service

  The undersigned hereby certifies that on this 6th day of January, 2014, a true and correct copy of the forgoing **THE UNSECURED CREDITORS COMMITTEE'S OBJECTION TO THE AMENDED DISCLOSURE STATEMENT TO ACCOMPANY AMENDED PLAN OF REORGANIZATION DATED OCTOBER 28, 2013** was placed in the U.S. Mail, postage prepaid, correctly addressed to the following:

| | | |
|---|---|---|
| Gary Koos<br>1864 Sannita Ct.<br>Pleasanton, CA 94566 | Alan Chinn Group<br>4301 Hacienda Dr., #200<br>Pleasanton, CA 94588 | Pahl & McCay, PLC<br>Fenn C. Horton III<br>225 W. Santa Clara Street, #1500<br>San Jose, CA 95113-1752 |
| Lee M Kutner<br>Kutner Brinen Garber, P.C.<br>303 E. 17th Ave., Suite 500<br>Denver, CO 80302 | Alan K. Motes, Esq.<br>Office of the U.S. Trustee<br>999 18th Street, Suite 1551<br>Denver, CO 80202 | James T. Burghardt, Esq.<br>Moye White LLP<br>1400 16th Street, 6th Floor<br>Denver, CO 80202-1473 |
| Sonia Chae, Esq.<br>Securities and Exchange Commission<br>175 West Jackson Blvd., Suite 900<br>Chicago, IL 60604 | Carla B. Minckley, Esq.<br>Thomas D. Birge, Esq.<br>Birge & Minckley, P.C.<br>9055 E. Mineral Cir., #110<br>Centennial, CO 80112 | Worldwide Energy & Manufacturing USA Inc.<br>6754 W. Hinsdale Ave.<br>Littleton, CO 80128 |
| Craig M. J. Allely<br>Perkins Coie LLP<br>1900 Sixteenth St., Suite 1400<br>Denver, CO 80202-5255 | Zane Gilmer<br>Perkins Coie LLP<br>1900 Sixteenth St., Suite 1400<br>Denver, CO 80202-5255 | |

Dated: <u>January 6, 2013</u>        By: <u>s/Angie Garcia</u>

5